IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEPHEN DOUGLAS MCCASKILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–0350−MJR |
| | ) | |
| HOLMES, | ) | |
| RHONDA, | ) | |
| ETHEN, and | ) | |
| LORREAL | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Stephen Douglas McCaskill, an inmate in Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests declarative relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

On January 1, 2016, at 2 pm Plaintiff showed Officer Holmes his thumb, which had green gunk under the nail, and told her he was experiencing pain. (Doc. 1, pp. 5, 45). Plaintiff requested that Holmes send him over to health care, but Holmes told him that the situation was not an emergency. (Doc. 1, p. 5). Plaintiff then explained that he previously had MRSA, but Holmes remained unmoved. *Id.* She also squeezed his thumb, causing Plaintiff to almost pass out from the pain. *Id.*

At 5 pm that day, Plaintiff showed his unit officer his thumb and the unit officer sent him over to health care. *Id*. Plaintiff then spoke to nurse Rhonda, and explained that he had clipped his nails the week prior and had broken the skin. *Id.* Plaintiff further stated that he initially thought the incident was minor, but 7-8 days had passed without the thumb healing and he was now in excruciating pain. *Id.* He also pointed out the green discoloration. *Id.* Rhonda told him his condition was not an emergency and asked him if he wanted to fill out a sick call slip. (Doc. 1, pp. 5-6). Plaintiff and Rhonda argued, and he walked out of health care without receiving medical attention. (Doc. 1, p. 6).

On January 2, 2016, Plaintiff saw Nurse Ethan during the medication line at 5:30 am. *Id.* Plaintiff complained of excruciating pain in his thumb to Ethan, but Ethan told him he needed to fill out a sick call slip. *Id.* At 7 am, Plaintiff once again complained to Holmes and Florentine, who sent him over to health care. *Id.* Plaintiff requested a wheelchair because he believed he might pass out from the pain, but the sergeant offered to walk him over personally instead. (Doc. 1, p. 7). Nurse Lorreal gave Plaintiff pain medication. (Doc. 1, p. 6). She also stated that she did not believe his pain and the discoloration under his thumb nail were related. (Doc. 1, p. 7). Lorreal told Plaintiff that she put him in to see the doctor, but to date, Plaintiff has not seen the doctor. (Doc. 1, p. 8).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 1 count. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1 –** Holmes, Rhonda, Ethan, and Lorreal were deliberately indifferent to Plaintiff's thumb infection when they ignored his complaints of excruciating pain and green coloration.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been

"diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

It is debatable whether Plaintiff's condition is actually a serious medical condition. Certainly a minor infection standing alone would not reach that standard. However, Plaintiff has alleged that he experienced "excruciating" pain, and it has been a settled proposition of law that the "unnecessary or wanton infliction of pain" can constitute a serious medical need. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Because Plaintiff has alleged that he experienced excruciating pain as a result of his condition, his claim that he suffered from a serious medical need survives threshold review.

Plaintiff has also alleged that the defendants either refused to treat him entirely or in Lorreal's case, failed to adequately refer him to a doctor. Plaintiff's allegations are thin, and it

appears that the delay attributable to any one defendant was a matter of hours. But that is not a ground on which the case may be dismissed at threshold. Because Plaintiff has alleged that he suffered from excruciating pain and that all 4 defendants failed to adequately address his medical condition, this Complaint shall be allowed to proceed at this time.

Plaintiff has named all defendants in their "corporate," individual, and official capacities. Plaintiff has only named individuals, so he cannot proceed against them based on a "corporate" theory of liability. Additionally, the only time it is appropriate to name a defendant in his or her official capacity is when a plaintiff seeks injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Here, Plaintiff has not requested any injunctive relief in the Complaint, nor alleged that the lack of care is ongoing. For these reasons, the Court will dismiss the official capacity claims against all defendants at this time, although the dismissal shall be without prejudice should Plaintiff request injunctive relief in the future.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Defendants Holmes, Rhonda, Ethen, and Lorreal.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Holmes, Rhonda, Ethen and Lorreal: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court

will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: May 9, 2017**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**
