# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN DOUGLAS McCASKILL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-cv-350-MJR-SCW |
| KRISTY HOLMES, RHONDA SHALES, ETHAN WILKE, and LAUREL CRANK, | ) |
| Defendants.[1] | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pursuant to **42 U.S.C. § 1983,** *pro se* Plaintiff filed his complaint alleging that Defendants were deliberately indifferent to his thumb infection when they ignored his complaints of pain and green discoloration (Doc. 6, p. 3). At the time the Court reviewed Plaintiff's complaint, he was reminded that he was under a continuing obligation to keep the Court informed of any change in his address (*Id*. at p. 7). Plaintiff was warned that a failure to update the Court on his address may ultimately result in a dismissal of his claims. The Court received a notice of change of address from Plaintiff on May 16, 2017 (Doc. 12). The notice indicated his current address, which appears on the docket sheet. Subsequent mail sent to Plaintiff at Shawnee Correctional Center was returned as undeliverable, further demonstrating that Plaintiff was no longer

---

[1] Defendants Holmes, Rhonda, Ethen, and Lorreal have identified themselves by their proper names: Kristy Holmes, Rhonda Shales, Ethan Wilke, and Laurel Crank. The Court **DIRECTS** the Clerk to substitute Defendants for their proper names.

incarcerated (Doc. 17).   The returned mail was re-sent to Plaintiff at his current address and was not returned; thus, the undersigned presumes that Plaintiff received all documents subsequently sent to his new address.

The undersigned set the case for a status conference on August 9, 2017 in light of Plaintiff's release from prison (Doc. 20).   Plaintiff was instructed that he could appear in person or by phone.   He was also warned that failure to appear could result in dismissal of his claims.   Notice of the hearing was sent to Plaintiff's current address.   The undersigned held a status conference on August 9, 2017 and Plaintiff failed to appear. Subsequently, the undersigned set a show cause hearing for August 25, 2017 (Doc. 22). Again, Plaintiff was warned that failure to appear would result in dismissal of his claims.   Plaintiff was further ordered to appear in person at the hearing.   Notice was again sent to Plaintiff at his current address.   The notice was not returned and it is assumed that it was delivered.   Again, Plaintiff failed to appear at the hearing on August 25, 2017.   At that time, the Defendants moved orally to dismiss Plaintiff's case for lack of prosecution (Docs. 24 and 25).

In light of Plaintiff's failure to appear and his lack of participation in the case, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's case **with prejudice** for failure to prosecute.

**Federal Rule of Civil Procedure 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."   In dismissing a case for lack of prosecution,

the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, **722 F.3d 980, 982 (7th Cir. 2013) (quoting** *Johnson v. Chi. Bd. of Educ.*, **718 F.3d 731, 732-33 (7th Cir. 2013)).** The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* **(citing** *Kruger v. Apfel*, **214 F.3d 784, 786-87 (7th Cir. 2000)).**

Here, the undersigned finds that Plaintiff has failed to prosecute his case. Plaintiff provided the Court with an address upon his release from prison and subsequent documents and notices have been sent to Plaintiff's address and have not been returned. Thus, the undersigned presumes that Plaintiff received the two notices regarding the status conference and the warnings that his case would be dismissed if he failed to appear. Plaintiff failed to appear at either hearing. Nor has he contacted the Court, either by phone or in writing, since he submitted his notice of change of address on May 16, 2017. The undersigned presumes by Plaintiff's failure to appear, and his failure to participate in any way in this case since his release from prison, that he is no longer interested in pursuing his claims.

As such, it is **RECOMMENDED** that the Court **GRANT** the oral motions to dismiss for lack of prosecution (Docs. 24 and 25) and **DISMISS** with prejudice Plaintiff's

remaining claims against all Defendants for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **September 11, 2017.**

**IT IS SO ORDERED**.
DATED: August 25, 2017.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge